**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43200**

| | | |
|---|---|---|
| **JERED JOSIAH WILSON,** | ) | **2016 Unpublished Opinion No. 734** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: October 18, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. Molly J. Huskey, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Jered Josiah Wilson appeals from the district court's judgment summarily dismissing Wilson's petition for post-conviction relief. Wilson argues that the district court erred in summarily dismissing his multiple claims of ineffective assistance of counsel. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

The State charged Wilson with failure to register as a sexual offender, I.C. § 18-8307, and failure to provide notice of a change of address to another state, I.C. § 18-8309(2). In a separate case, the State charged Wilson with two counts of lewd conduct with a minor under the age of sixteen as a result of allegations involving his daughter. I.C. § 18-1508. Early in the

1

proceedings, Wilson's trial counsel sought to consolidate Wilson's cases for trial in an effort to avoid a potential persistent violator enhancement should the cases be tried separately and Wilson found guilty of additional felonies. The district court explained to Wilson that evidence relevant to the failure to register case would ordinarily be inadmissible in the lewd conduct case but, if the cases were consolidated for trial, such evidence would then be admissible. Wilson agreed to the joinder of the cases.

The day prior to trial, trial counsel notified the district court that the State had recently conducted a background check on Wilson and determined that he had multiple prior felonies. Trial counsel stated that, "if we had known that, we may have come up with a different position on whether or not to consolidate these matters" because consolidating the cases did not accomplish the goal of avoiding a situation where the State could seek a persistent violator enhancement. The State responded that, if Wilson's cases remained consolidated and went to trial as scheduled, it would not pursue a persistent violator enhancement. The parties agreed and the cases proceeded. The jury found Wilson guilty of the charges.

On direct appeal, this Court vacated Wilson's judgment of conviction for failure to register as a sexual offender and affirmed the judgment of conviction for the two counts of lewd conduct with a minor under the age of sixteen in an unpublished opinion.[1]  *State v. Wilson*, Docket No. 39073 (Ct. App. July 12, 2013). Wilson filed a verified pro se petition and affidavit for post-conviction relief alleging, *inter alia*, several claims of ineffective assistance of counsel including: consolidating the two cases for trial; failing to interview witnesses alleged to have exculpatory evidence; and failing to seek to admit medical records, driving records, and employment records as rebuttal evidence. The State filed a motion for summary dismissal of Wilson's petition, which the district court granted. Wilson appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921,

---

[1]  Wilson did not challenge his judgment of conviction for failure to provide notice of a change of address.

828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do

3

not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

Wilson argues the district court erred in summarily dismissing his post-conviction claims of ineffective assistance of counsel for consolidating Wilson's cases for trial and for failing to call witnesses and put on evidence at trial.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden

of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

## A.    Case Consolidation

Wilson argues that issues of material fact exist as to his assertions that his trial counsel was ineffective for agreeing to join Wilson's cases based on the erroneous belief that the strategy would prohibit the State from seeking a persistent violator sentencing enhancement. Specifically, Wilson alleges that his trial counsel was deficient because counsel failed to reasonably investigate Wilson's criminal history. Wilson claims he was prejudiced because his consolidated cases increased the risk that the jury would find him guilty based on propensity evidence.

In summarily dismissing Wilson's post-conviction petition, the district court found that trial counsel's strategy to consolidate the cases initially was based on ignorance and was not a legitimate trial strategy because Wilson could have been charged as a persistent violator regardless of the joinder due to his multiple prior felonies. However, the district court concluded that trial counsel's conduct did not rise to the level of ineffective assistance of counsel because the State agreed not to file a persistent violator enhancement in exchange for the consolidated trials to continue. On appeal, Wilson contends the district court erred because trial counsel's realization of the mistake occurred one week before trial and it was too late to sever the two cases. Additionally, Wilson claims that trial counsel engaged in last minute attempts to rationalize the decision to consolidate the cases.

The record does not support Wilson's assertions. Rather, the record indicates that on two occasions Wilson stipulated to the consolidation of his cases in an effort to avoid a persistent violator enhancement. The first stipulation was predicated on trial counsel's erroneous belief

5

that Wilson would be ineligible for the enhancement if both cases were tried together instead of consecutively. The State later discovered that Wilson had multiple prior felony convictions, meaning that he could have been charged as a persistent violator regardless of whether the cases were consolidated. The second stipulation occurred after Wilson's criminal record was revealed to trial counsel. As noted by the district court, the State had the option to include the enhancement based on Wilson's prior criminal record. However, trial counsel and the State agreed that, despite Wilson's eligibility for the enhancement, if the cases continued to remain consolidated and went to trial as scheduled, the State would not seek the persistent violator enhancement. Wilson, through his trial counsel, agreed that the cases would remain consolidated.

Although trial counsel initially was under the erroneous belief that Wilson was not subject to the persistent violator enhancement, Wilson has not shown that this error played any role in the second stipulation to consolidate the cases. Rather, trial counsel's decision to keep the cases consolidated was strategic in nature, based on the relevant facts, and ensured that Wilson did not face a persistent violator enhancement, which was the original strategic reason for agreeing to case consolidation. Wilson has failed to show that the second stipulation was based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. To the contrary, Wilson endorsed the strategy of avoiding the persistent violator enhancement. Accordingly, Wilson has failed to show that the district court erred in summarily dismissing Wilson's ineffective assistance of counsel claim for consolidating his criminal cases.

**B.    Calling Witnesses and Presenting Evidence**

Wilson argues that the district court erred in summarily dismissing his claims of ineffective assistance of counsel for failing to call witnesses and put on evidence at trial. Wilson's charges of lewd conduct with a minor were based on instances of conduct occurring in Wilson's home and in his automobile during trips taken "on or between 2006 and 2007." Wilson claims in his petition and supporting affidavit that his trial counsel was deficient in failing to call witnesses and produce evidence that would have rebutted the victim's credibility and description of events, thus raising doubt that Wilson could have committed these crimes in the locations and at the times alleged. Wilson contends these deficiencies prejudiced him because the jury failed

6

to hear any testimony or evidence that contradicted the victim's version of events, which led to the jury finding him guilty.

Specifically, Wilson claims that trial counsel should have called multiple members of Wilson's family to testify about his access to the victim in rebuttal to the victim's testimony regarding the instances of sexual abuse. In support of his claims, Wilson provided affidavits from these family members. Wilson's father allegedly would have testified that he never observed any inappropriate conduct. The father would have also testified that there was usually another adult present in the car with Wilson and the victim because Wilson was not able to drive for part of the relevant time period as his driver's license had been suspended and he had an injury to his leg. Wilson's mother would have allegedly testified that Wilson had leased his house to his sister and was not living there during the time period the abuse occurred at the house. Wilson's brother allegedly would have testified that he never witnessed any signs of inappropriate behavior between Wilson and the victim.

Wilson also claims that trial counsel should have presented employment, driving, and medical records to rebut the victim's testimony that Wilson sexually abused her when they both were traveling in his vehicle. In support, Wilson produced letters indicating that his commercial driving privileges had been suspended in March 2006 and reinstated in March 2007 and that his regular driver's license had been suspended in March 2006 and reinstated in September of 2006. Additionally, Wilson provided medical records indicating he had problems with his ankle and was on crutches on two occasions in April 2006 and again in January 2007, which Wilson asserts shows that he was unable to drive a car. Wilson alleges that such records rebut the victim's version of events that Wilson had sexually abused her in his car.

In requesting summary dismissal, the State noted that trial counsel explored Wilson's medical injury, the presence of other adults in the car during trips, and Wilson's access to the victim through cross-examination of the State's witnesses. The State argued that the witness affidavits and records failed to rebut the State's evidence, show deficient performance by trial counsel on the tactical decision of what evidence to present at trial, and show that any of the purported evidence would have changed the outcome of the case. The district court summarily dismissed Wilson's petition for the reasons set forth by the State. On appeal, Wilson argues that

the witness affidavits and records raise an issue of material fact whether the alleged instances of abuse occurred in the home and car as the victim testified.

In this case, the State was required to show that Wilson sexually abused the victim at least once for each count, during the times and at the locations alleged. The victim offered testimony that Wilson sexually abused her in the car and the house, but only when they were alone. The witness affidavits cover only a portion of the alleged timeframe of the sexual abuse and only the times when the witness was present with Wilson. Even if Wilson was usually accompanied by another adult who never observed any abuse, it does not follow that such evidence would show that Wilson did not commit the alleged sexual abuse at a time when Wilson and the victim were alone. Therefore, even if the purported testimony had been presented, it would not have proved that no crime was committed.

Furthermore, we note that there is a tactical basis for not calling these witnesses and presenting the testimony proposed by the Wilson. Trial counsel's strategic decision regarding whether to call witnesses will not be second-guessed on appeal unless the decision was the product of inadequate preparation, ignorance of relevant law, or some other shortcoming capable of objective evaluation. *Caldwell v. State*, 159 Idaho 233, 240, 358 P.3d 794, 801 (Ct. App. 2015). As discussed, the proposed testimony only accounts for a portion of the alleged timeframe. Presentation of this evidence would be subject to cross-examination by the State, who could then elicit testimony for the jury's consideration indicating how much opportunity Wilson had to commit the crimes during the alleged timeframe. Moreover, as Wilson notes, the record shows that trial counsel, during cross-examination of State witnesses, inquired into the same topics that Wilson alleges the witnesses were to have offered testimony.

As for the medical records, these documents indicate that Wilson had instances of injury to his leg in both 2006 and 2007. Such evidence does not provide proof that Wilson was either physically prohibited from driving or that he followed the medical advice for the entire time alleged in the two counts of lewd conduct with a minor. Similarly, Wilson's driving records only indicate that he was legally prohibited from driving for a portion of the alleged time period. Evidence of Wilson's driving privileges suspension and reinstatement does not show that he did not drive a car at any time during the alleged timeframe.

The affidavit and records evidence provided by Wilson fail to show a complete alibi, impossibility, or actual innocence. *See*, *e.g.*, *Roman*, 125 Idaho at 650, 873 P.2d at 904 (holding that the petitioner had failed to show that the testimony of these witnesses would have raised a viable alibi defense to present to the jury). It is not enough to show that such evidence was relevant or that some other attorney would have presented the evidence at trial. Rather, Wilson was required to show that trial counsel's decision--not to present the purported testimony and records evidence--was based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. Wilson has not done so and, consequently, failed to rebut the presumption that trial counsel's performance fell within the wide range of constitutionally effective assistance. Moreover, Wilson has failed to show that the purported testimony and evidence would have changed the outcome of his trial. Therefore, we hold that Wilson has failed to demonstrate that he raised a genuine issue of material fact entitling him to an evidentiary hearing on his claims. Accordingly, the district court did not err in summarily dismissing Wilson's petition for post-conviction relief.

## IV.

## CONCLUSION

Wilson has failed to show that the district court erred in summarily dismissing his claim of ineffective assistance of counsel for consolidating his cases for trial and for failing to call witnesses and put on evidence at trial. Accordingly, the district court's judgment summarily dismissing Wilson's petition for post-conviction relief is affirmed. Costs are awarded to respondent on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.