# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43843

| | | |
|---|---|---|
| KENT TORREY OSTLER, | ) | 2016 Unpublished Opinion No. 814 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: December 9, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Darren B. Simpson, District Judge.

Judgment summarily dismissing petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Kent Torrey Ostler appeals from the district court's order summarily dismissing Ostler's petition for post-conviction relief. We affirm.

## I.

## FACTUAL & PROCEDURAL BACKGROUND

Ostler pled guilty to one count of lewd conduct with a minor under sixteen, Idaho Code § 18-1508. In exchange for Ostler's guilty plea, the State dismissed a persistent violator enhancement. Prior to the completion of Ostler's presentence report and psychosexual evaluation, Ostler filed a pro se motion to withdraw his guilty plea, which the district court denied. The court imposed a unified sentence of thirty years, with ten years determinate. This Court affirmed Ostler's judgment of conviction and sentence on direct appeal. *State v. Ostler*, Docket No. 40984 (Ct. App. Feb. 25, 2014).

1

Ostler then filed a pro se verified post-conviction petition and supporting notarized affidavit for post-conviction relief. His petition alleged various claims of ineffective assistance of trial counsel, denial of counsel, and prosecutorial misconduct. Relevant to this appeal, the petition and affidavits specifically alleged trial counsel was ineffective for "manipulat[ing] [Ostler] into pleading guilty by telling [Ostler] he had to plead guilty in order to do the [psychosexual] evaluation." Ostler contends he was told by counsel that if Ostler "was deemed a low risk that a deal in regards to sentence would be made." Ostler asserts he would not have "entered a plea of guilty had [he] not been manipulated." The district court then appointed counsel to represent Ostler's post-conviction claims.

After filing an answer to Ostler's petition, the State moved for summary dismissal. The district court held a hearing on the motion after which it granted the State's motion and summarily dismissed Ostler's post-conviction petition. Ostler timely appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it

2

appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if

true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

In his appeal, Ostler argues the district court erred in summarily dismissing one particular claim from Ostler's post-conviction petition alleging that his trial attorney rendered ineffective assistance. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

In his petition, Ostler states his attorney's representation was deficient because "counsel manipulated [Ostler] into pleading guilty by telling [Ostler] he had to plead guilty in order to do the [psychosexual] evaluation." Correspondingly, in his supporting notarized affidavit, Ostler contends his counsel told Ostler that if he "was deemed a low risk that a deal in regards to sentence would be made." Ostler then avers he would not have "entered a plea of guilty had [he] not been manipulated."

First, regarding the deficiency prong of *Strickland*, we hold that Ostler has failed to allege sufficient facts to make a prima facie showing of deficiency. Although an attorney's attempt to manipulate a defendant into accepting a plea agreement certainly rises to the level of deficient performance, a court is not required to accept a petitioner's factual allegations that are clearly disproven by the record of the criminal proceedings. *Kelly*, 159 Idaho at 521, 236 P.3d at 1281. In its order dismissing this claim, the district court found that Ostler's statements in his post-

4

conviction petition were directly contradicted by his statements made under oath during his change of plea hearing. During that hearing, Ostler attested to understanding that there were no agreements as to the sentence he would receive upon pleading guilty. Conversely, in his petition, Ostler appears to contend he only pleaded guilty on the premise that he stood to get a "deal in regards to sentence." This allegation directly contradicts Ostler's earlier sworn testimony, thus it does not create a genuine issue of material fact showing a deficiency.[1]

Further, regarding the prejudice prong of *Strickland*, we hold that Ostler has failed to allege sufficient facts to make a prima facie showing of prejudice. Even if we held that trial counsel misadvised or manipulated Ostler, to establish prejudice, Ostler was required to show that he would not have pled guilty and would have insisted on going to trial. *See Icanovic v. State*, 159 Idaho 524, 529, 363 P.3d 365, 370 (2015). Such decision must have been rational under the circumstances. *Id.*

Even after reading all of Ostler's claims and arguments in his petition and affidavit together, Ostler fails to rationally connect the purported "manipulation" and his decision to plead guilty. Ostler does not allege that, had he been correctly informed by counsel of the possibility of obtaining a psychosexual evaluation after trial, Ostler would have pleaded not guilty and insisted on going to trial. Ostler's failure to allege a causal connection between the purported deficiency of counsel and his decision to plead guilty falls short of establishing a prima facie showing of prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (finding no prejudice where "[p]etitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty"); *Ridgley*, 148 Idaho at 677, 227 P.3d at 931 (finding no prejudice where petitioner failed to "link his claims of deficient performance with his plea of guilty").

---

[1] We do acknowledge, and the State concedes, that the district court employed an erroneous standard when considering whether the factual allegations within Ostler's affidavit were sufficient to raise a genuine issue of material fact. We have previously held that factual allegations based upon the personal knowledge of the petitioner constitute admissible evidence when presented through a verified petition or notarized affidavit. *See Bias v. State*, 159 Idaho 696, 704, 365 P.3d 1050, 1058 (Ct. App. 2015). Thus, Ostler was not required to have an affidavit admitting to wrongdoing from trial counsel before the court could consider the allegations.

In sum, Ostler has failed to allege sufficient facts to raise a genuine issue of material fact to satisfy either *Strickland* prong. Thus, the district court did not err in summarily dismissing Ostler's post-conviction claim of ineffective assistance of counsel.

## III.

## CONCLUSION

Ostler did not allege sufficient facts in his petition for post-conviction relief to raise a genuine issue of material fact that his trial counsel rendered ineffective assistance. Therefore, we affirm the district court's judgment summarily dismissing Ostler's petition for post-conviction relief. Costs on appeal are awarded to the State.

Judge GRATTON and Judge HUSKEY **CONCUR**.