**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43367**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 62** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: September 28, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **WILLIAM SCOTT DEMINT,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for trafficking in a controlled substance and possession of an illegal firearm, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

William Scott Demint appeals from his judgment of conviction for trafficking in a controlled substance, methamphetamine, and possession of an illegal firearm and argues the district court erred by denying his motion to suppress the evidence obtained from the search of his enclosed truck bed because probable cause dissipated once the drug dog failed to alert inside the passenger compartment. The State argues Demint did not properly preserve this argument on appeal. However, the State contends even if the issue was properly preserved, because the initial alert established probable cause to search the entire vehicle, the failed alert in the passenger compartment did not prevent officers from also searching the enclosed bed. Because Demint's theory regarding the basis for suppressing the evidence was not argued in the district court, we decline to review the issue for the first time on appeal. We affirm the district court.

1

## FACTS AND PROCEDURE

Two officers were patrolling westbound Interstate 84. One officer had a drug detection dog. The officers received information that Demint and a passenger would be traveling in a maroon Ford F-150 truck and potentially had methamphetamine. The officers observed the vehicle and stopped it for two traffic infractions: speeding and failing to use a turn signal properly. The truck had an extended passenger compartment and the truck bed was enclosed with a camper shell. One officer approached the truck and asked for Demint's driver's license and registration. While one officer ran the information, the canine officer deployed his drug dog. The drug dog alerted at the open driver's side window of the passenger compartment. The officer directed the dog into the passenger compartment but the drug dog failed to alert inside. The officer did not manually search the passenger compartment. The officer then took the drug dog to the back of the truck, opened up the camper shell, and had the drug dog jump inside the enclosed bed. The drug dog alerted inside the enclosed bed near a green bag and a first aid kit. The officer searched but did not find anything in the green bag. The officer put the drug dog back in the patrol car, resumed his search, and found methamphetamine, oxycodone, marijuana, and approximately $12,000 in cash in the first aid kid.

Demint was arrested and charged with four felony offenses: trafficking in methamphetamine; possession of drug paraphernalia with the intent to deliver; unlawful possession of a firearm; and possession of a controlled substance. He was also charged with two misdemeanors: possession of a controlled substance and paraphernalia. The State also alleged Demint was a persistent violator. Demint moved to suppress the evidence and joined in the issues raised in his co-defendant's motion to suppress, arguing: (1) the stop of his vehicle was invalid; (2) the warrantless search of his vehicle violated his Fourth Amendment rights under the United States Constitution and under Article I, § 17 of the Idaho Constitution; (3) the search was not performed pursuant to any exception to the warrant requirement; and (4) there was no probable cause to search the enclosed bed because the drug dog's initial alert only provided probable cause to search the passenger compartment.

After a hearing, the district court denied Demint's joint motion to suppress and found the officer had probable cause to search the entire vehicle, including the enclosed bed. Pursuant to a plea agreement, Demint conditionally pled guilty to trafficking in methamphetamine, Idaho Code

§§ 37-2732B(a)(4)(C), 18-204, and unlawful possession of a firearm, I.C. § 18-3316, reserving his right to appeal the district court's denial of his motion to suppress. The State agreed to dismiss the remaining charges. The district court imposed a unified twenty-year sentence, with ten years determinate, for trafficking in methamphetamine, and a consecutive five-year sentence, with two and one-half years determinate, for unlawful possession of a firearm, to be served consecutively. Demint timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Demint argues the district court erred in finding there was sufficient probable cause to search the enclosed bed without a warrant because any probable cause from the drug dog's initial alert dissipated when the drug dog failed to alert inside the passenger compartment. As such, the officer did not have probable cause to search the enclosed bed. The State argues Demint did not argue this theory in the district court and, therefore, failed to preserve it for appeal. The State also contends even if the issue was properly preserved, because the initial alert established probable cause for the entire vehicle, including the passenger compartment and enclosed bed, an unsuccessful search of one part of a vehicle would not prevent officers from completing a search of the entire vehicle.

The threshold issue is whether Demint preserved for appeal the argument that probable cause dissipated upon the drug dog's failed alert in the passenger compartment. Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Johnson*, 148 Idaho 664, 670, 227 P.3d 918, 924 (2010). Issues not raised below generally may

3

not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). For an objection to be preserved for appellate review, either the specific ground for the objection must be clearly stated or the basis of the objection must be apparent from the context. *State v. Sheahan*, 139 Idaho 267, 277, 77 P.3d 956, 966 (2003).

Although Demint preserved for appeal the general issue that there was no probable cause to search the enclosed truck bed, he cannot argue more grounds for that challenge than were argued before the district court. *See State v. Armstrong*, 158 Idaho 364, 368, 347 P.3d 1025, 1029 (Ct. App. 2015) (constitutional arguments not raised before lower courts are not preserved for appellate review). Even when a defendant mentions the general basis for a motion to suppress, his or her arguments on appeal are limited by what was argued to the trial court. *See State v. Anderson*, 154 Idaho 703, 705-06, 302 P.3d 328, 330-331 (2012) (declining to address the issue of a drug dog's reliability raised for the first time on appeal when only the probable cause to search one area of the vehicle after the drug dog had previously alerted to another area was challenged below). Moreover, although more frequently cited for evidentiary questions, an objection on one ground will not preserve for appeal a separate and different basis for objection not raised before the trial court. *State v. Higgins*, 122 Idaho 590, 597, 836 P.2d 536, 543 (1992).

Demint's argument on appeal--that probable cause dissipated--was not raised before the district court, thereby depriving the district court an opportunity to address the argument in the first instance and rule accordingly. In his motion to suppress and at the suppression hearing, Demint asserted the drug dog's initial alert on the passenger compartment gave officers probable cause to search only the passenger compartment. Demint argued the passenger compartment and the enclosed bed were separate and distinct areas of the vehicle; as such, the alert on one area of the vehicle--the passenger compartment--could not provide probable cause to search a different area of the vehicle--the enclosed bed.

On appeal, however, Demint concedes that although officers had probable cause to search the entire vehicle based on the initial alert, including the enclosed bed, that probable cause dissipated when the drug dog failed to alert inside the passenger compartment. Demint's arguments at the district court and on appeal are different. To argue in the district court there was no probable cause to search the enclosed bed because it was a separate area of the vehicle does not fairly include an argument on appeal that there was initial probable cause to search the enclosed bed but that probable cause dissipated.

4

Despite Demint's argument, the district court determined:

> During the run of the automobile, I do find credible and reliable the testimony of the officer that his dog alerted at the driver's side door, the dog was trained, certified, the alert justified then having the dog sniff in the interior of the cab, which did not elicit another hit. However, as I indicated they still had probable cause to search the entirety of the vehicle.

The district court rejected Demint's argument that the passenger compartment and the enclosed bed were distinct areas of the vehicle separately requiring probable cause. Instead, the district court found the entire vehicle was one location that could be searched based on probable cause provided by the initial alert. The district court's factual findings and holding are limited to whether the initial alert provided probable cause to search only the passenger compartment or the entire vehicle, including the enclosed bed. The district court was never asked to and consequently did not rule on whether probable cause dissipated with the subsequent failed drug dog alert in the passenger compartment of the truck. Demint may not claim the district court's decision was in error based on an argument that was never presented to the district court for consideration. *See Armstrong*, 158 Idaho at 368, 347 P.3d at 1029. Appellate courts are forums of review, not decision in the first instance. Because Demint did not raise his dissipation argument before the district court, it was not preserved for appeal.

## IV.

## CONCLUSION

For the reasons set forth above, because Demint's theory regarding the basis for suppressing the evidence was not argued in the district court, we decline to review the issue for the first time on appeal. Thus, we affirm the district court.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.

5