**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45424**

| | |
|---|---|
| WILLIAM SCOTT DEMINT, | ) |
| | ) Filed: December 26, 2018 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven Hippler, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge

William Scott Demint appeals from the district court's order summarily dismissing his petition for post-conviction relief. Demint argues the district court erred by summarily dismissing one of his post-conviction claims without providing notice. For the reasons provided below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Demint was charged with four felonies: trafficking in methamphetamine, possession of drug paraphernalia with the intent to deliver, unlawful possession of a firearm, and possession of a controlled substance, as well as misdemeanor possession of a controlled substance and

1

misdemeanor possession of paraphernalia. He filed a motion to suppress evidence[1] which the district court denied. Demint thereafter pled guilty to trafficking in methamphetamine and unlawful possession of a firearm and reserved his right to appeal the denial of his motion to suppress. The remaining charges were dismissed. This Court affirmed the district court's denial of the motion to suppress. *State v. Demint*, 161 Idaho 231, 384 P.3d 995 (Ct. App. 2016) (concluding the issue raised on appeal was not preserved for appellate review).

Demint subsequently filed a pro se petition for post-conviction relief alleging that he received ineffective assistance of counsel regarding his suppression motion. With his petition, Demint requested appointment of counsel to assist him in his post-conviction proceedings, which the district court granted. An amended petition was not filed within the required timeframe and the State filed a motion to dismiss. The district court issued a "20 Day Notice of Intent to Dismiss," articulating and addressing eight grounds, with six for ineffective assistance of counsel: (1) failure to provide factual background, legal argument, legal points, and authority in the motion to suppress; (2) failure to investigate applicable cases in preparing the suppression motion; (3) failure to argue that law enforcement should have obtained a warrant after the drug canine alerted on his vehicle; (4) failure to challenge the legality of the stop; (5) failure to procure an expert to challenge the drug canine's training and to explain constitutional law to the court; and (6) failure to explain applicable law to the court such as the definition of probable cause, the procedural process for a search warrant, the unconstitutionality of a warrantless search, and the requirement of a drug recognition expert ("DRE") to obtain a search warrant after the canine alerted. Additionally, Demint contended that the evidence against him was obtained as a result of an illegal search and seizure because (1) the officers were required to get a warrant to search the vehicle after the canine alerted; and (2) the traffic stop was illegally predicated on an underlying tip by a confidential informant that Demint was transporting drugs. Even though he was represented by counsel, Demint did not respond to the notice of intent to dismiss.

The district court then issued an order summarily dismissing Demint's petition for post-conviction relief based on the same grounds previously stated in the notice of intent to dismiss. Demint now appeals the summary dismissal of his petition for post-conviction relief.

---

[1] This pleading titled "Motion to Exclude Evidence" was two pages long. No memorandum in support was filed; however, counsel provided some support for the motion during the motion hearing.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such

3

inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

If a district court determines claims alleged in a petition do not entitle a petitioner to relief, the district court must provide notice of its intent to dismiss and allow the petitioner twenty days to respond with additional facts to support his or her claims. I.C. § 19-4906(b); *Crabtree v. State*, 144 Idaho 489, 494, 163 P.3d 1204, 1206 (Ct. App. 2006). The district court's notice should provide sufficient information regarding the basis for its ruling so as to enable the petitioner to supplement the petition with the necessary additional facts, if they exist. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004).

4

## III.

## ANALYSIS

On appeal, Demint does not challenge the entirety of the summary dismissal. Rather, Demint solely contends that the district court erred by not providing notice of the basis for summary dismissal of his post-conviction claim that his trial counsel was ineffective for failing to argue that the officers unlawfully extended the duration of the traffic stop. The State argues that the district court was not required to address the dismissal of this claim because Demint did not specifically set forth that claim as required by Idaho Code § 19-4903. The State also argues that when a petitioner receives notice from the district court, which includes the court's understanding of the petitioner's claims, the petitioner has been put on notice of how the court has construed the petitioner's claims and cannot later challenge that interpretation on appeal. Thus, the State contends, once a petitioner receives notice of intent to dismiss a petition for post-conviction relief, it is incumbent on the petitioner to notify the court that it misperceived or omitted one of the claims, and if petitioner fails to do so, he has waived that claim on appeal. The State further asserts that to allow the petitioner to raise the claim on appeal provides petitioner with one more opportunity to respond to the notice of intent. Last, the State argues that where the petitioner would ultimately be subject to summary dismissal because the defects in the pleadings are not curable, then the failure to give notice is harmless.

In the "20 Day Notice of Intent to Dismiss" the district court identified eight claims contained within Demint's pro se petition for post-conviction relief regarding the suppression motion. The district court did not identify a claim that counsel was ineffective for failing to argue that officers unlawfully extended the duration of the stop in violation of the Fourth Amendment. No response was filed.

Idaho Code § 19-4906(b) requires that a district court give sufficient notice of the basis for its intended dismissal. Demint contends that the language contained in his petition properly raised a claim that counsel was ineffective for failing to argue that the stop of Demint was unlawfully prolonged. A full review of the petition reflects that Demint discussed case law addressing the tolerable duration of a stop, when authority for a seizure ends, and when a traffic stop is unlawfully extended. However, Demint did not allege that his stop was unlawfully extended. Rather, Demint argued that the traffic stop was predicated on the fact that the officer was acting on a narcotics tip, which was the mission of the traffic stop, and therefore a search

5

warrant was required. Nowhere in Demint's petition does he argue that the officers extended the traffic stop into a drug investigation; rather, Demint argued that the stop was always a drug investigation and as such officers were required to obtain a warrant. The district court addressed this claim in its notice, as well as the additional claims asserted by Demint in his petition. It is true that the district court did not address the claim that Demint now asserts on appeal, which was advanced by his co-defendant in the motion to suppress. However, it is also clear that Demint's petition did not raise this claim.

Idaho Code § 19-4903 requires a post-conviction petitioner to "specifically set forth the grounds upon which the application is based, and clearly state the relief desired." Idaho Code § 19-4908 states "All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground . . . not so raised . . . may not be the basis for a subsequent application . . ." Read together, it is clear that failure to assert a claim in a post-conviction petition results in a waiver of that claim. Further, appellate courts will not review issues raised for the first time on appeal. *Dunlap*, 141 Idaho at 58, 106 P.3d at 384. The district court's "20 day notice of Intent to Dismiss" provided Demint its articulation of the claims the district court perceived were being asserted in Demint's petition. The court was not responsible for speculating on other potential claims Demint might raise. Because Demint failed to raise this claim in his petition for post-conviction relief, the district court was not required to include it in its notice of intent to dismiss. As noted above, Demint does not challenge on appeal the dismissal of the claims actually asserted in his petition. Therefore, the district court's order summarily dismissing Demint's petition for post-conviction relief is affirmed. Because we conclude that Demint's petition for post-conviction relief did not include the claim asserted on appeal, we need not address the State's alternative arguments.

## IV.

## CONCLUSION

Demint's pro se petition for post-conviction relief did not contain a claim that counsel was ineffective for failing to argue that officers unlawfully extended the traffic stop. Because Demint failed to raise this claim, the district court provided adequate notice of its intent to dismiss without reference to this nonexistent claim. Accordingly, the district court's order summarily dismissing Demint's petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.

6