873 P.2d 898

Alfredo Holquin ROMAN,
Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 20295.

Court of Appeals of Idaho.

Feb. 25, 1994.

Petition for Review Denied June 3, 1994.

Manweiler, Bevis & Cameron, P.A., Boise, for appellant. David D. Manweiler argued.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., argued, Boise, for respondent.

LANSING, Judge.

This is an appeal from the district court's summary dismissal of an application for post-conviction relief. We are asked to determine whether the allegations contained in the application were sufficient to entitle the applicant to an evidentiary hearing. For the reasons given below, we affirm.

## I. PROCEDURAL BACKGROUND

Alfredo Holquin Roman was found guilty by a jury of a single count of lewd and lascivious conduct with a child under sixteen years of age, I.C. § 18–1506. He was sentenced to an indeterminate life term with twenty years' minimum confinement. Roman filed a timely motion for reduction of sentence pursuant to I.C.R. 35, which was denied by the district court. No appeal was taken from that denial.

On February 13, 1991, Roman filed an application for post-conviction relief seeking to overturn the conviction on grounds of, *inter alia,* failure of the trial court to determine whether a conflict of interest existed between Roman and his attorney at the time of the sentencing hearing, reliance upon an allegedly outdated psychological evaluation in sentencing, and various claims of ineffective assistance of counsel at trial.[1] The state

---

1. Although Roman raised additional issues in his initial application, Roman has pursued only these issues in this appeal.

moved for summary dismissal of the application pursuant to I.C. § 19–4906. After reviewing the application, affidavits and depositions presented by the parties, the district court dismissed the application.

## II. STANDARD OF REVIEW

■ An application for post-conviction relief initiates a special proceeding which is civil in nature. *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969). Summary disposition of a post-conviction relief application under I.C. § 19–4906(c) is the procedural equivalent of summary judgment under I.R.C.P. 56. *Ramirez v. State*, 113 Idaho 87, 741 P.2d 374 (Ct.App.1987). Summary judgment will be granted in a civil action when the litigant opposing the motion fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial. *Badell v. Beeks*, 115 Idaho 101, 102, 765 P.2d 126, 127 (1988); *Garzee v. Barkley*, 121 Idaho 771, 774, 828 P.2d 334, 337 (Ct.App.1992). As Chief Judge Walters stated in *Garzee:*

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Garzee*, 121 Idaho at 774, 828 P.2d at 337. This same standard governs motions for summary dismissal of applications for post-conviction relief. If the applicant facing such a motion fails to present evidence making a prima facie case, i.e., establishing each essential element of the claim, then summary dismissal is appropriate. The applicant's factual showing must be based upon evidence that would be admissible at hearing. *Drapeau v. State*, 103 Idaho 612, 617, 651 P.2d 546, 551 (Ct.App.1982).

■ When the court considers a motion for summary dismissal, uncontroverted allegations of fact contained in a verified application for post-conviction relief are deemed to be true. *Ramirez*, 113 Idaho at 88, 741 P.2d at 375; *Cooper v. State*, 96 Idaho 542, 531 P.2d 1187 (1975). However, even when the state has not directly controverted the allegations with affidavits or depositions, an applicant's conclusory allegations, unsubstantiated by any admissible evidence, need not be accepted as true. *Pulver v. State*, 93 Idaho 687, 692, 471 P.2d 74, 79 (1970), *overruled on other grounds* by *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975); *Baruth v. Gardner*, 110 Idaho 156, 159–60, 715 P.2d 369, 372–73 (Ct. App.1986). When the evidence before the court on a motion for summary dismissal fails to frame a genuine issue of material fact, the court may summarily dispose of the application. I.C. § 19–4906(c); *Parrott v. State*, 117 Idaho 272, 274, 787 P.2d 258, 260 (1990). Accordingly, the question on appeal from the summary dismissal of an application for post-conviction relief is whether the application, affidavits, or other evidence supporting the application allege facts which, if true, would entitle the applicant to relief. *Whitehawk v. State*, 116 Idaho 831, 780 P.2d 153 (Ct.App. 1989).

## III. ANALYSIS

### A. CLAIMS OF ERROR AT THE SENTENCING HEARING

In his post-conviction application, Roman alleges that the district court committed two errors in the sentencing phase of trial. First, he asserts that the court relied upon an outdated psychological report; and second, the court failed to address an alleged conflict between Roman and his attorney at the sentencing hearing.

#### 1. Psychological Report

■ The state argues that the issue regarding the district court's use of the psychological evaluation is not properly presented in this post-conviction relief application because it could have been raised on direct appeal from the judgment of conviction and sentence. We agree. Idaho Code § 19–4901(b) prohibits presentation in post-conviction relief proceedings of any issue that could have been raised on direct appeal except in limited circumstances not presented here. Roman could have challenged the trial court's reliance upon the allegedly outdated

**648**

report in the course of sentencing through a direct appeal of the sentence. Therefore, that claim, even if supported by the evidence, creates no basis for post-conviction relief.

### 2. Conflict with Counsel

■ We next consider Roman's claim that the court should have afforded Roman a hearing on, or provided some remedy for, a conflict between Roman and his trial attorney which was allegedly brought to the court's attention at the sentencing hearing.[2] Roman has not met his burden of presenting evidence to support this claim.

■ A post-conviction proceeding is not an extension of the criminal case from which it arises. Rather, it is a separate civil action in which the applicant bears the burden of proof imposed upon a civil plaintiff. *Paradis v. State,* 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *Clark v. State, supra.* No part of the record from the criminal case becomes part of the record in the post-conviction proceeding unless it is entered as a exhibit. Transcripts of the pretrial proceedings, the trial, and sentencing hearing in the criminal case, even if previously prepared as a result of a direct appeal or otherwise, are not before the trial court in the post-conviction proceeding and do not become part of the record on appeal unless presented as exhibits. Further, our Supreme Court has held that a district court, in ruling on ineffective assistance of counsel issues raised in a post-conviction application, may not take "judicial notice" of the attorney's performance at the criminal trial, but, instead, must review the trial transcript. *Matthews v. State,*

122 Idaho 801, 807–08, 839 P.2d 1215, 1221–22 (1992).

When the state's motion to dismiss was interposed, it became Roman's burden to place in evidence either a transcript of the sentencing hearing[3] or sufficient testimony by affidavit regarding what transpired at the hearing to make a prima facie showing that he is entitled to relief. Roman's application for post-conviction relief presents no admissible evidence on his claim that the district court did not properly address an attorney/client conflict at the sentencing hearing. Roman has made only conclusory allegations that the court erred by failing to evaluate an attorney/client conflict or to appoint new counsel before imposing sentence. Roman presented no evidence of the precise nature of the conflict, how it was brought to the sentencing court's attention, what relief or assistance was requested of the sentencing court, or how the court responded. In the absence of evidence sufficient to raise a factual issue regarding the propriety of the court's actions at the sentencing hearing, the district court did not err in dismissing this claim for post-conviction relief.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

[12, 13] Roman's remaining claims involve various allegations of ineffective assistance of counsel. These claims are evaluated under the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, a convicted defendant must establish that counsel's representation did not meet objective

---

**2.** This alleged error of the trial court also could have been asserted on a direct appeal. However, because the state has never objected to the claim on that basis, we will consider whether the claim is supported by the evidence.

**3.** The cost of obtaining a transcript should not be an impediment to an applicant for post-conviction relief, for that financial burden is not borne by the applicant. I.C. § 19–4906 provides in part:

> If the application is not accompanied by the record of the proceedings challenged therein, the respondent shall file with its answer the record or portions thereof that are material to the questions raised in the application....

This statute imposes upon the state the responsibility to pay for the transcription. If the state does not file all relevant portions of the transcript in compliance with this statute, the applicant may, by motion to the court, compel the state to do so. However, we do not view this statute as relieving an applicant of the consequence of failing to place in evidence a transcript essential to prove the applicant's claim where, as here, the applicant made no effort to compel action by the state or to otherwise arrange for the filing of the transcript. *Compare Rodriguez v. State,* 122 Idaho 20, 830 P.2d 531 (Ct.App.1992), where this Court reversed, on other grounds, a summary dismissal of the application for post-conviction relief entered after denial of the applicant's motion for production of transcripts.

standards of competence. *Id.* at 687–88, 104 S.Ct. at 2064. There is a strong presumption that counsel's performance falls within the wide range of competent professional assistance, and the defendant bears the burden of proving that counsel's representation fell below an objective standard of reasonableness. *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Murray v. State,* 121 Idaho 918, 922, 828 P.2d 1323, 1327 (Ct.App. 1992). Second, the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Parrott,* 117 Idaho at 274–75, 787 P.2d at 260–61. This latter "prejudice" requirement focuses on whether counsel's deficient performance affected the outcome of the case. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). To avoid summary dismissal, a post-conviction claim of ineffective assistance of counsel must sufficiently allege facts under both prongs of the test.

Facts presented must be in the form of competent, admissible evidence. *Paradis,* 110 Idaho at 536, 716 P.2d at 1308; *Drapeau,* 103 Idaho at 617, 651 P.2d at 551. Bare assertions and speculation, unsupported by specific facts, do not suffice to show ineffectiveness of counsel. *State v. Rendon,* 107 Idaho 425, 427, 690 P.2d 360, 362 (Ct.App. 1984).

1. Ineffective Assistance at Sentencing

 Roman alleges that his attorney was ineffective because he failed to withdraw as counsel at sentencing after an attorney/client conflict arose. Roman also alleges that counsel's performance was deficient in that he failed to object to pronouncement of sentence at that time on the ground that new counsel should be appointed before sentencing.

As noted above, Roman's assertion in his verified application that an attorney/client conflict existed at the time of sentencing is a conclusory statement containing no explanation of the nature of the alleged conflict or how it arose. Such conclusory allegations, unsupported by any fact, need not be accepted as true and do not frame a genuine issue

of fact. *Pulver,* 93 Idaho at 692, 471 P.2d at 79. Idaho Code § 19–4903 specifies that, "Affidavits, records, or other evidence supporting its allegations shall be attached to the application or the application shall recite why they are not attached." Roman has not supported his bare allegations with evidence demonstrating the existence of an attorney/client conflict. Further, without the transcript of the sentencing hearing where the alleged conflict was apparently discussed, there was no evidence upon which the district court could determine whether counsel did or did not move to withdraw, whether counsel was ineffective by not moving to withdraw, and whether counsel did or did not make an objection to imposition of sentence. Therefore, this claim fails for lack of any evidence showing that counsel's performance fell below an objective standard of reasonableness.

2. Failure to Meet with the Defendant Following his Arrest

 Roman also alleges that his trial attorney was ineffective in that he failed to meet with and advise Roman following arrest, with a result that Roman made incriminating statements to law enforcement authorities which were used against him at trial.

This claim also fails for lack of evidence. Roman presents no evidence that the statement was made after his trial counsel had been appointed to represent him, and, therefore, has not shown that his admissions to police can be ascribed to any deficiency of his counsel. Roman also fails to show prejudice under the second prong of *Strickland* because neither the trial record nor other evidence of the content of the statement allegedly used against Roman at trial was placed in evidence. Accordingly, there was no error in the district court's summary dismissal of this claim.

3. Failure to Assert an Alibi Defense

 Roman raises a number of claims that his attorney was ineffective in that he failed to investigate, call witnesses, or cross-examine adverse witnesses regarding an alleged alibi defense.

In response to the state's motion for summary dismissal Roman presented a number of affidavits from witnesses placing him in different locations at various times during the months of January and February of 1989. Roman also presented records from a local blood bank indicating that he was at that location on several dates during a ten-week period from January 7, 1989 to April 25, 1989. These documents allegedly support Roman's assertion that he could not have committed the charged crime because he was never alone with the victim during the dates and times the criminal acts were allegedly committed. However, Roman has failed to show that the testimony of these witnesses would have raised a viable alibi defense to present to the jury. Neither the criminal complaint, which would reveal the time periods during which the criminal act was alleged to have occurred, nor the transcript of the criminal trial, which would reflect the evidence offered by the prosecution to show the time and place of the offense, were placed in evidence in the present proceeding. Without this information, Roman has not shown that his affiants' information is even relevant, much less conceivably exculpatory. Roman raised no genuine issue of fact as to whether counsel's choice not to pursue an alibi defense fell below an objectively reasonable standard of performance.

### 4. Failure to Properly Advise Defendant Prior to Testifying

 Lastly, Roman asserts that his attorney failed to properly advise Roman about testifying before Roman took the witness stand in his own defense.

Again, Roman has failed to raise a material factual issue as to the merits of this claim. Roman introduced no evidence of the content of communications between himself and his attorney regarding whether Roman should testify. He has not shown what advice his attorney gave in this regard, nor has he explained how the advice was deficient. Although Roman stated in his verified application that he did not want to take the stand, he did not state that he ever communicated his wishes to his attorney or that his attorney ignored or thwarted Roman's wishes.

 The only evidence on this claim was the deposition of Roman's trial attorney, who testified that Roman never expressed a desire to avoid testifying. The attorney stated that Roman testified at trial in an attempt to explain away, and counter the effect, of a statement that Roman had made to the police. Even if we assume that Roman's attorney advised him to testify, the attorney's uncontroverted testimony establishes that such advice would have been a reasoned tactical choice. Trial tactics and strategy choices are the province of trial counsel and will not be deemed deficient in the absence of evidence that the decision resulted from inadequate preparation, ignorance of the law or other objectively ascertainable shortcomings. *Huck v. State*, 124 Idaho 155, 857 P.2d 634 (Ct.App.1993); *State v. Chapman*, 120 Idaho 466, 469, 816 P.2d 1023, 1026 (Ct.App.1991). Roman offered no evidence or argument that any advice of counsel on this point was the product of shortcomings in his attorney's knowledge or preparation. Accordingly, there was no genuine and material issue of fact regarding this claim of ineffectiveness of counsel, and the district court correctly dismissed the claim.

In summary, Roman has failed to make a prima facie showing of ineffective assistance of counsel in that he failed to show either that his attorney's performance was deficient or that any alleged deficiencies adversely affected the outcome of the trial.

The district court's order summarily dismissing Roman's application for post-conviction relief is affirmed.

WALTERS, C.J., and PERRY, J., concur.