**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44686**

| | | |
|---|---|---|
| **LAWRENCE SCOTT ANDRUS,** | ) | **2018 Unpublished Opinion No. 335** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: January 24, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. John K. Butler, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Lawrence S. Andrus; Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Lawrence Scott Andrus appeals from the district court's order summarily dismissing his petition for post-conviction relief. Andrus asserts that the district court violated his right to due process. Because Andrus fails to provide legal authority in his argument on appeal, we affirm the district court's order dismissing Andrus's petition for post-conviction relief.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, Andrus was charged with felony driving under the influence of alcohol. At trial, the jury returned a guilty verdict. Andrus filed an Idaho Criminal Rule 35 motion, which was denied by the district court. Andrus appealed and this Court affirmed the judgment of conviction and the sentence.[1] Thereafter, Andrus filed a petition for post-conviction relief. In response, the district court filed a notice of intent to dismiss, pursuant

---

[1] *State v. Andrus*, Docket No. 42878 (Ct. App. Jan. 14, 2016) (unpublished).

to Idaho Code § 19-4906(b). The district court granted a motion for extension of time, but Andrus failed to reply within the thirty-day extension. The district court dismissed Andrus's petition for post-conviction relief with prejudice. Andrus timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rules of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the

district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Andrus asserts that the district court violated his right to due process in the handling of this post-conviction case. However, a party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

3

Idaho Appellate Rule 35(a)(6) states: "The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." Although Andrus sprinkles quotations throughout his brief, he fails to explain how the quotations constitute legal authority or are relevant to his argument. Andrus also fails to cite to any specific pages in the clerk's record throughout his brief. In this case, Andrus fails to provide legal authority for his due process claims. Andrus waives the issue of a due process violation because he offers no legal authority to support his assertion that the district court violated his right to due process.

We therefore determine the district court did not err when it summarily dismissed Andrus's petition for post-conviction relief.

## IV.

## CONCLUSION

Because Andrus has waived the issue of violation of his due process rights by failing to provide legal authority in his argument on appeal, we affirm the district court's order summarily dismissing Andrus's petition for post-conviction relief.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.