# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 47298/47299

LEVI WILFRED MARTINEZ,

    Petitioner-Appellant,

v.

STATE OF IDAHO,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

Filed: August 21, 2020

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis VanderVelde, District Judge.

Judgment dismissing post-conviction petition, <u>affirmed</u>.

Levi Wilfred Martinez; Eagle Pass, Texas, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

___

HUSKEY, Chief Judge

Levi Wilfred Martinez filed two, identical post-conviction petitions which were consolidated as one petition by the district court; the petition was summarily dismissed. Martinez appeals from the judgment summarily dismissing his petition for post-conviction relief. Martinez argues the district court erred in summarily dismissing his petition because the petition was sufficiently supported by an affidavit containing newly discovered evidence. Because Martinez failed to establish the alleged newly discovered evidence was either material or relevant, he could not show the evidence was likely to produce an acquittal. Thus, we affirm the district court's order.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

More than thirty years ago, a jury found Martinez guilty of statutory rape, Idaho Code § 18-6101(1); lewd conduct with a minor, I.C. § 18-6607; aggravated battery, I.C. §§ 18-907, 18-908; and kidnapping in the second degree, I.C. §§ 18-4501(1), 18-4503, 18-4504(2). The district court sentenced Martinez to determinate sentences of thirty years for the rape conviction, thirty years for the lewd conduct with a minor conviction, and fifteen years for the aggravated battery conviction, with the sentences to run consecutively. The district court also sentenced Martinez to twenty-five years for the second degree kidnapping conviction, to run concurrently with the other convictions.

In 2019, Martinez filed two identical petitions for post-conviction relief[1] raising three claims: (1) new evidence recently obtained; (2) an affidavit from the victim's mother in which she attests that she no longer wishes to pursue charges; and (3) a violation of his right to confront the State's witnesses. All three of Martinez's claims were based on the affidavit from the victim's mother.

Because the two petitions were identical, the district court consolidated the two cases, proceeded under the original petition, and entered a notice of intent to dismiss the petition because it was untimely. Martinez responded to the notice of intent to dismiss, stating that he had trouble accessing Idaho legal materials while incarcerated in Texas. The district court entered a second notice of intent to dismiss the petition on the ground that Martinez failed to establish the four elements regarding new evidence claims in post-conviction proceedings as enumerated in *State v. Drapeau*, 97 Idaho 685, 551 P.2d 972 (1976). Specifically, the district court indicated that the affidavit cited as new evidence by Martinez was comprised of conclusory statements that were neither material nor relevant because they would probably not produce an acquittal. The district court did not separately address the third claim Martinez raised in his petition.

Martinez responded to the district court's second notice of intent to dismiss, asserting the affidavit was both material and relevant because the accuser had the right to disavow any fault by

---

[1] Because the cases were consolidated, the records in Docket Nos. 47298 and 47299 are identical with the exception that in Docket No. 47299, the State filed an answer. Because the record is identical, and the cases were consolidated in the district court, this Court will analyze the petition (singular) rather than petitions (plural).

Martinez and Martinez had the right to confront his accuser. The district court construed Martinez's claim that he had the right to confront witnesses as support for the claim that the affidavit was newly discovered evidence.[2] The district court found Martinez had not provided any factual or legal support to address the petition's deficiencies as outlined in the notice of intent to dismiss and the court dismissed Martinez's petition on the grounds cited in the second notice of intent to dismiss. Martinez timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rules of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of

---

[2]     Martinez does not allege on appeal that the district court erred in summarily dismissing his petition without addressing this claim as an independent claim rather than as support for his newly discovered evidence claim. Failure to identify and argue this as error precludes this Court's consideration on appeal. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010).

3

material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free

review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

On appeal, Martinez alleges that because he was only raising a factual issue, he did not need to provide any legal authority for, or analysis of, the claims in his petition. The State asserts that because the affidavit did not provide relevant or material factual information, the district court properly summarily dismissed the petition. Although Martinez argues the district court erred, he does not challenge the district court's finding that the affidavit did not allege sufficient facts to meet the *Drapeau* standard. Instead, he argues only that he was not required to support his claims with legal authority or argument because he was only alleging factual claims. Because the affidavit was neither material nor likely to produce an acquittal, it did not constitute newly discovered evidence and the district court did not err by summarily dismissing the petition.

A request for a new trial in a post-conviction proceeding based on newly discovered evidence is the same as a motion for new trial subsequent to a jury verdict. *Rodgers v. State*, 129 Idaho 720, 723, 932 P.2d 348, 351 (1997). To succeed in a newly discovered evidence claim a petitioner must establish:

> (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that the failure to learn of the evidence was due to no lack of diligence on the part of the defendant.

*Drapeau*, 97 Idaho at 691, 551 P.2d at 978.

In order for an affidavit to raise a material issue, the affiant must be able "to give testimony themselves *as to facts* within their knowledge, or must be based upon otherwise verifiable information." *Drapeau v. State*, 103 Idaho 612, 617, 651 P.2d 546, 551 (Ct. App. 1982) (emphasis added). Absent such a witness or other verifiable facts to which a witness could testify, the petition for post-conviction relief "fails to raise material issues of fact sufficient to justify an evidentiary hearing." *Id*.

Here, the only piece of evidence Martinez submitted to support his claim of newly discovered evidence is an affidavit from the victim's mother indicating she wanted to "Drop All Charges" and to recant her former statements. In its entirety, the affidavit reads:

5

DELPHINA MARTINEZ, Being First Duly Sworn According to Law, Of Legal Age, Deposes And States The Following:

1. That I'm The Person In The Foregoing Sworn Affidavit Statement:
2. That This AFFIDAVIT Is Made In Good Faith, Not For Any Improper Purpose:
3. That I Reside At . . . .
4. That By This Statement I Hereby, Drop All Charges Against, The Martinez case # c5293 State [v]. Martinez And Recant My Testimony
5. That I request That Martinez, Brothers be released.

The affidavit does not present any material evidence and it is not likely to produce an acquittal because the content is not relevant to a valid claim or defense. Instead, the affidavit presents a broad, conclusory statement from the victim's mother that she no longer wished to prosecute Martinez. This change of heart is not material, as it does not include facts within the affiant's knowledge that relate to the underlying crimes, claims, or defenses. Moreover, the wishes of a victim's family member regarding whether the case should be prosecuted are not material because criminal prosecutions are public matters, sought by the State on behalf of its citizen, not contests between a defendant and a crime victim. *See* I.C. § 19-104 (defining the State and the person charged as the only parties to criminal actions).

Absent facts of any material weight, the affiant's wish to no longer prosecute Martinez is not evidence that would likely produce an acquittal. Thus, the district court did not err in summarily dismissing Martinez's petition for post-conviction relief on the ground that the affidavit was not newly discovered evidence as contemplated by *Drapeau*.

## IV.

## CONCLUSION

Martinez has failed to show that the district court erred in summarily dismissing his post-conviction petition because the new evidence cited by Martinez is not material and not likely to produce acquittal. Accordingly, the district court's judgment summarily dismissing Martinez's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.

6