**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49216**

| | |
|---|---|
| **BILLY LEE JOSLIN, JR.,** | ) |
| | ) **Filed: October 28, 2025** |
| **Petitioner-Appellant,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| **v.** | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| **STATE OF IDAHO,** | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Respondent.** | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, <u>affirmed</u>.

Billy Lee Joslin, Jr., Eloy, Arizona, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Judge

Billy Lee Joslin, Jr. appeals from the district court's judgment summarily dismissing his amended petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Joslin with rape and attempted strangulation. The State also alleged that Joslin is a persistent violator of the law. A jury found Joslin guilty of both charges and he admitted to being a persistent violator of the law. The district court entered judgment and imposed concurrent, determinate life sentences.[1]

_____

[1] This Court affirmed Joslin's judgment of conviction. *See State v. Joslin*, 166 Idaho 191, 457 P.3d 172 (Ct. App. 2019).

1

Joslin filed a pro se petition for post-conviction relief in which he alleged ineffective assistance of trial counsel for failure to pursue a "veracity defense" and of pretrial counsel for coercing Joslin into waiving his speedy trial rights. The district court appointed post-conviction counsel and entered an order to stay the proceedings to allow time for Joslin's post-conviction counsel to file an amended petition. An amended petition was not filed. The district court filed a notice of intent to summarily dismiss Joslin's petition, which provided him twenty days to provide an arguable basis for relief based on admissible evidence. Still, no amended petition was filed, and the district court dismissed the petition.

Joslin filed a motion for appointment of counsel, which the district court ordered. Joslin's post-conviction counsel filed an Idaho Rule of Civil Procedure 60(b) motion for relief from summary dismissal of his petition for post-conviction relief. The district court granted relief, and Joslin filed an amended petition. The State filed a motion for summary dismissal. The district court held a hearing and subsequently entered an order granting the State's motion. Thereafter, the district court entered a judgment summarily dismissing Joslin's amended petition for post-conviction relief. Joslin appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible

evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of

material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Joslin appeals from the district court's judgment summarily dismissing his amended petition for post-conviction relief. However, Joslin fails to make any argument or present authority concerning the summary dismissal; he does not specify how the district court erred in summarily dismissing his post-conviction claims. Rather than asking this Court to review for error, Joslin only argues the merits of the claims that he presented to the district court. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

Joslin presents three issues on appeal:

FIRST CAUSE
Was [Joslin's] right to an impartial jury violated, when the Trial Court did not recuse a Juror, after disclosing his worries of his future relationships with the Alleged Victim and their mutual friends, after [the juror] was sworn in?

SECOND CAUSE
Was [Joslin's] right to effective counsel violated, when Trial Counsel did not conduct an adequate investigation, present any evidence or a single defense witness to support a veracity defense?

THIRD CAUSE
Was [Joslin's] right to due process violated, when the Trial Court granted 404(b) evidence, that [he] was never found guilty of, through Ex-Wife's testimony?

4

For the first issue, Joslin argues that, at trial, a juror admitted to knowing the victim in the case. Joslin asserts that the juror had a bias and that Joslin's appellate counsel failed to assert this issue on appeal. Additionally, Joslin asserts that his post-conviction counsel was ineffective for failing to assert the issue in the post-conviction proceeding, which resulted in the amended petition being summarily dismissed. However, Joslin fails to argue that the district court erred in summarily dismissing his claim.

For the second issue, Joslin argues that trial counsel was ineffective by failing to admit a 911 call for impeachment purposes. Joslin states that trial counsel played the 911 call and "tried to impeach" the witness's credibility outside the presence of the jury. Joslin argues that trial counsel "needed to make a memorable moment in front of the jury, and produced none." Joslin argues that the 911 call addresses the witness's veracity and fits within the excited utterance exception to the prohibition of hearsay. Joslin also argues that the expert's testimony at trial is irrelevant for lack of any scientific method or fact. Joslin argues that post-conviction counsel failed to investigate and develop these claims in the amended petition but "did discuss them through admission of failure to object to expert's testimony." Joslin also argues that trial counsel failed to investigate evidence of text messages that would help in his defense. Joslin argues that post-conviction counsel also failed to investigate these text messages but "did discuss them through admission of failure to object to witness's testimony."

The third issue is aimed at all of Joslin's previous attorneys. Joslin appears to argue that post-conviction counsel failed to develop a claim of ineffective assistance of counsel against Joslin's trial counsel and appellate counsel based upon an alleged error by the trial court in admitting a previous charge of rape and attempted strangulation against the same victim. Joslin also argues that the Court of Appeals erred in his initial appeal from the underlying case and that his appellate attorney was ineffective in that appeal.

In his brief, Joslin does discuss the facts and legal authority supporting his underlying claims and where they are found in the record, but he fails to specifically argue (with supporting authority) why the district court's reasons for summary dismissal were made in error. On appeal, it is not enough to repeat the same arguments made to the court below. Joslin must also show how the district court's summary dismissal of those claims was improper. Because Joslin has failed to challenge the district court's grounds for summary dismissal and he asserts no issues that pertain

to the summary dismissal of his amended post-conviction petition, this Court will not review the issues on the merits.

## IV.
## CONCLUSION

Joslin has failed to allege an issue pertaining to the summary dismissal of his amended post-conviction petition and therefore has failed to show any error in the district court's summary dismissal of his amended post-conviction petition. The district court's judgment summarily dismissing Joslin's amended petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.