## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 51095

COLE JOSEPH MARCELL,

    Petitioner-Appellant,

v.

STATE OF IDAHO,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 4, 2026

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Adam H. Green, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

TRIBE, Chief Judge

Cole Joseph Marcell appeals from the district court's judgment summarily dismissing his amended petition for post-conviction relief. Marcell argues the district court erred by failing to address his claim of newly discovered evidence. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Marcell pled guilty to first degree murder.[1] Marcell filed a pro se petition for post-conviction relief, arguing that his trial counsel was ineffective for the following

---

[1] This Court affirmed Marcell's judgment of conviction and sentence in an unpublished opinion. *See State v. Marcell*, Docket No. 48932 (Ct. App. Apr. 15, 2022).

reasons: (1) he promised Marcell a lighter sentence if he pled guilty; (2) he failed to file an Idaho Criminal Rule 35 motion for sentence reduction; and (3) he failed to pursue trial.

In support of his petition, Marcell filed an affidavit from "Inmate A."[2] The affidavit alleged that Marcell's co-defendant admitted to Inmate A that Marcell's co-defendant was the primary perpetrator in the murder and described specific details of the crime. The district court filed a notice of intent to dismiss the petition, explaining that the affidavit lacked specificity, asserted no claim of actual innocence, and did not assert that Marcell's guilty plea was not entered knowingly or willingly. The district court also stated that the issue could have been raised on direct appeal under Idaho Code § 19-4901. The district court further stated that Marcell had not provided any evidence showing that he was not present when the victim was killed or that Marcell was incompetent at the time of the offense. Marcell filed an objection to the notice of intent to dismiss.

Marcell filed a second affidavit from Inmate A to clarify deficiencies discussed in the district court's notice of intent to dismiss. The second affidavit clarified the time and place of the conversation between Inmate A and Marcell's co-defendant, as well as the relationship between Inmate A and Marcell.

Marcell subsequently filed an amended petition for post-conviction relief, asserting that: (1) the district court abused its discretion by imposing a disproportionate sentence compared to his co-defendants; (2) his trial counsel was ineffective; and (3) his constitutional rights were violated. In support of Marcell's amended petition, he attached the two affidavits by Inmate A. The State filed an answer and supporting brief requesting summary disposition and dismissal, to which Marcell responded.

The district court held a hearing on the State's motion for summary disposition. The State argued that it did not know the purpose of the affidavits or to what claim they were related. Marcell responded by citing I.C. § 19-4901, arguing that the affidavits contained material facts not previously presented and that such facts could not have been raised on his direct appeal. Notably, Marcell did not move to amend the petition or otherwise clarify that a newly discovered evidence

---

[2]     The district court granted Marcell's request to file the affidavits under seal to protect the identity of the affiant.

claim was being asserted. Ultimately, the district court entered a memorandum decision and order granting the State's motion for summary dismissal. Marcell appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district

3

court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Marcell argues the district court erred by summarily dismissing his amended petition for post-conviction relief without addressing his claim of newly discovered evidence. He contends that, although his amended petition did not expressly assert a claim of newly discovered evidence

4

affecting the reliability of his guilty plea, the issue was tried by consent and therefore required a separate resolution. The State argues that the district court properly summarily dismissed Marcell's claim that the newly discovered evidence rendered his sentence unfairly harsh and that he did not argue the newly discovered evidence affected his conviction. The State additionally argues that any defect in the district court's notice of intent to dismiss or its subsequent order granting summary dismissal is harmless.

Idaho Code § 19-4901(a)(4) permits relief when "there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction *or* sentence in the interest of justice." (Emphasis added). Thus, newly discovered evidence must be connected to a legally cognizable basis for setting aside either the conviction or the sentence; it cannot merely serve as a generalized assertion that additional information exists.

In this case, any claim of newly discovered evidence was focused on Marcell's sentence rather than his conviction and thus his argument fails. The evidence--two affidavits by Inmate A--was presented in support of Marcell's claim in his amended petition that the trial court "abused its discretion in entering the sentence in this matter" because it "was not fair in light of the sentences imposed upon his co-defendants." The district court considered that precise claim and properly summarily dismissed it on the basis that, even if such evidence had been known by the trial court at the time of sentencing, the sentence would have been the same.

For the first time on appeal, Marcell argues in his reply brief that he was "presenting the newly discovered evidence as a separate basis for relief, and not just in support of a claim of excessive sentence." Because Marcell did not argue to the district court that the claim of newly discovered evidence impacted his conviction that issue is not preserved for appeal. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

After the notice of intent to dismiss was filed, Marcell filed an objection to the dismissal. Therein, Marcell specifically connected the affidavits (the newly discovered evidence) to his sentencing claim, stating: "New evidence has been presented that was not available at the time of sentencing as provided in two sealed affidavits. Mr. Marcell has no connection with the person who came forward and had no way to know about him at the time of his sentencing." Therefore, Marcell claimed that the trial court abused its discretion and he should be re-sentenced. Marcell's

counsel reiterated: "Due to the new evidence obtained that supports the Sentencing Memorandum submitted in the underlying murder case, there was an abuse of discretion and Mr. Marcell should be re-sentenced to a term that is comparable to the sentence his co-defendants received."

The parties submitted briefing and participated in a summary disposition hearing. During that hearing, both parties discussed the affidavits but the record shows continued uncertainty about the purpose of the affidavits. The State argued first, expressing doubt about the purpose of the affidavits and stating it "guess[ed]" they might relate to newly discovered evidence. The State also argued that, to the extent Marcell intended to raise a newly discovered evidence claim, the claim was forfeited because it could have been raised on direct appeal. After the State's argument, Marcell asserted a claim of genuine issue of material fact through the affidavits, citing I.C. § 19-4901(b) and I.C. § 19-4906. While Marcell referenced I.C. § 19-4901 generally during the summary disposition hearing, he did not argue that the affidavits required vacation of his conviction; instead, he connected them to his request for re-sentencing.

Although Marcell's amended petition separately alleged that his plea was not knowingly and voluntarily made based on trial counsel's representations, the affidavits were not connected to that claim. Rather, Marcell's objection tied the affidavits solely to the sentencing argument requesting re-sentencing. Furthermore, the ineffective assistance of counsel claim in the amended petition--that Marcell's plea was not knowingly and voluntarily made--was based on alleged representations of trial counsel regarding what Marcell should expect for his sentence, not the newly discovered evidence. Marcell's fourth claim of ineffective assistance of counsel asserted a failure of trial counsel to "confront the prosecutor with the evidence that had been obtained by the defense to amend the charge to be comparable with the charges to which his co-defendants pled." The claim was that the newly discovered evidence could have served to get his sentence reduced or made comparable with his co-defendants, not that his conviction should be vacated.

Because I.C. § 19-4901(a)(4) requires newly discovered evidence to be connected to vacating either the conviction or the sentence and Marcell advanced the affidavits only as a basis for re-sentencing, no issue regarding vacating Marcell's conviction was properly raised below. The district court therefore properly reviewed only whether the affidavits warranted relief from the sentence, not whether they required vacation of the conviction. As a result, the district court did not err in summarily dismissing Marcell's amended petition for post-conviction relief.

6

**IV.**

**CONCLUSION**

Marcell failed to preserve a claim that newly discovered evidence required vacation of his conviction. Marcell does not otherwise challenge the district court's judgment summarily dismissing his amended petition for post-conviction relief. Accordingly, the district court's judgment summarily dismissing Marcell's amended petition for post-conviction relief is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.