**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51003**

| | |
|---|---|
| TIMOTHY BRIAN FREEGARD, | ) |
| | ) **Filed: July 11, 2025** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment dismissing amended petition for post-conviction relief, <u>affirmed</u>.

Timothy Brian Freegard, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Timothy Brian Freegard appeals from the judgment dismissing his amended petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement in his underlying criminal case, Freegard pled guilty to robbery. I.C. §§ 18-6501 and 18-6502. In exchange for his guilty plea, the State dismissed other charges. At sentencing, several witnesses provided written victim impact statements. The district court sentenced Freegard to a unified term of life imprisonment, with a minimum period of confinement of ten years. Freegard filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. This Court affirmed the denial of Freegard's Rule 35 motion in an unpublished opinion. *See State v. Freegard*, Docket No. 47085 (Ct. App. July 17, 2020).

1

Freegard subsequently filed a pro se petition for post-conviction relief. Thereafter, the State produced previously undisclosed surveillance footage of the offense, prompting Freegard to file an amended petition. In response, the State filed a motion for summary dismissal. The district court held a hearing on the State's motion and took the matter under advisement after the parties filed supplemental briefing.[1] Ultimately, the district court granted the State's motion and dismissed Freegard's amended petition for post-conviction relief. Freegard appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Freegard contends the district court erred in dismissing his amended petition for post-conviction relief because his constitutional rights were violated during his underlying criminal case. The State responds that the record and applicable law supports the district court's summary dismissal of Freegard's amended petition. We hold that Freegard has failed to show the district court erred in summarily dismissing his amended petition for post-conviction relief.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho

---

[1] The district court requested additional briefing on whether allowing a victim of a charge dismissed pursuant to a plea agreement to offer an impact statement at Freegard's sentencing hearing constituted legal error. The district court also asked the State to provide "any additional facts regarding" what discovery Freegard was provided prior to his guilty plea.

269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor.

3

For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901. Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id*.

In his amended petition, Freegard presented an assortment of allegations, including a claim that the district court "lacked jurisdiction over the underlying criminal case." The district court determined Freegard's argument was "a bare legal conclusion unsubstantiated by evidence or argument." Because Freegard failed to "specify or clarify in any cogent way why the [district court] lacked jurisdiction and how the prosecution was illegal," the district court dismissed Freegard's jurisdictional claim. Freegard also argued his constitutional rights were violated because the State's charging document was "inconsistent with Idaho's 'unconstitutionally vague' robbery statute." The district court disagreed and found that Freegard's argument was "without authority, without legal support, [and] without evidence." The district court dismissed Freegard's claim for relief on this basis. Freegard also argued that the district court and the State "fraudulently and intentionally altered the transcripts" of his sentencing hearing. The district court found these claims were unsubstantiated and "mere conclusions unsupported by any evidence." Because Freegard did not show that the official record had been fraudulently or intentionally altered, the district court dismissed all of Freegard's "claims arising from accusations of fraudulently altered transcripts."

Freegard further asserted that his trial counsel was ineffective for various reasons, including that his counsel failed to raise the jurisdictional issue, failed to cross-examine a victim during the victim impact statement, failed to be present during Freegard's presentence investigation, and failed to object to the prosecutor's statements at sentencing. The district court

4

found that Freegard failed to carry his "burden of demonstrating that his trial counsel's performance was deficient." The district court also determined that Freegard failed to show a reasonable probability that, but for trial counsel's alleged deficient performance, the result of the proceeding would have been different. Similarly, Freegard alleged his appellate counsel was ineffective for failing to raise "meritorious issues" and other claims during the appellate proceedings. The district court found that Freegard failed to show his appellate counsel rendered deficient performance, emphasizing Freegard's inability to "provide details as to what meritorious arguments could have been presented and argued, how they would have been successful, or how he was prejudiced by his appellate counsel not making those arguments." Accordingly, the district court dismissed both of Freegard's claims that his trial and appellate counsel were ineffective.

Finally, Freegard alleged prosecutorial misconduct and a *Brady v. Maryland*, 373 U.S. 83 (1963) violation based on "materials not previously disclosed by the State," which Freegard argued refuted a victim's impact statement. Despite the State's concession that certain evidence was not provided to Freegard until after sentencing, the district court determined that Freegard failed to establish a *Brady* violation. According to the district court, the "previously undisclosed materials [were] not exculpatory nor impeaching" of the victim's statements. The district court further found that Freegard "failed to show that the result of the proceedings would have been different if the previously undisclosed materials had been timely disclosed." After reviewing the previously undisclosed materials, the district court found "that they contain nothing that would have persuaded [it] to impose a lighter sentence." To the contrary, the district court determined the undisclosed materials contained "concrete evidence that [Freegard] committed exactly the crime he pled guilty to." Consequently, the district court dismissed Freegard's *Brady* claim.

On appeal, Freegard contends the district court erred in summarily dismissing his amended petition, asserting the district court and the State have "repeatedly violated the federal constitution's Fifth, Sixth, and Fourteenth Amendments, his rights guaranteeing [him] due process, his right guaranteeing adequate and effective counsel and his right guaranteeing he will be treated" equally. In addition to generally complaining about individuals who are unrelated to his case and complaining about the district court, Freegard repeats many of the arguments he raised in his amended petition for post-conviction relief. However, Freegard fails to support his arguments with either legal authority or cogent argument. A party waives an issue on appeal if either

5

argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, this Court declines to address Freegard's claims of error. As a result, Freegard has failed to show the district court erred in dismissing his amended petition.

## IV.

## CONCLUSION

Freegard has failed to show the district court erred in summarily dismissing his amended petition. Accordingly, the district court's judgment dismissing Freegard's amended petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.