**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51664**

| | |
|---|---|
| STEVEN EUGENE JUSTICE, JR., | ) |
| Petitioner-Appellant, | ) **Filed: March 5, 2026** |
| | ) |
| v. | ) **Melanie Gagnepain, Clerk** |
| | ) |
| STATE OF IDAHO, | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| Respondent. | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Steven Eugene Justice, Jr. appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, a jury found Justice guilty of lewd conduct with a child under the age of sixteen years. Before trial, the State filed a motion in limine pursuant to Idaho Rule of Evidence 403 to preclude Justice from introducing any evidence related to his or the victim's history, diagnosis, prognosis, or treatment of any sexually transmitted diseases (STDs). Justice appealed his judgment of conviction and argued that the district court abused its discretion by granting the State's motion in limine. This Court held that the district court did not err in granting the State's motion and affirmed Justice's judgment of conviction in an unpublished opinion. *State v. Justice*, Docket No. 47993 (Ct. App. Oct. 5, 2021). We reasoned that:

> Ordinarily, untrained persons who make up a jury are not experts on gonorrhea and cannot be assumed to know its symptoms, presentation, methods of transmission,

1

rates of transmission, whether transmission can occur if a person is symptomatic or asymptomatic, the likelihood of transmission based on gender or based on specific types of sexual contact, and the like. Without the contextual medical information, the risk of the jury weighing the STD evidence in a manner inconsistent with its actual medical import is substantial.

The district court employed thoughtful and clear reasoning in determining an expert witness was necessary to tie together and provide context to the limited evidence Justice could offer. The district court correctly determined that, in the absence of expert testimony, the relevance of the evidence was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Therefore, the district court did not abuse its discretion when granting the State's motion in limine to conditionally exclude all evidence about Justice and [the victim's] history, diagnosis, prognosis, and treatment of STDs.

(Footnote omitted.)

Justice then timely filed a pro se petition for post-conviction relief and alleged his trial counsel was ineffective for failing to: (1) obtain an expert witness to testify as to the nature of gonorrhea; (2) obtain an expert witness to testify as to the DNA swabs taken from Justice and the victim; (3) have the victim's blood sample tested for gonorrhea; (4) have an expert witness testify as to the digital photographs taken during the victim's sexual assault examination; and (5) "punch holes" in the State's and victim's narrative of events. [1] Justice was appointed counsel, who then requested, and was granted, four extensions of time to file an amended petition for post-conviction relief. Ultimately, Justice's counsel filed a notice that Justice would not file an amended petition because he was unable to find a local expert witness to support the claims alleged in the original petition.

The State then moved for summary disposition and argued: (1) Justice failed to present evidence to support his claim that failure to obtain an expert witness constituted ineffective assistance of counsel; and (2) Justice's allegations second-guessing his trial attorney's strategic and tactical decisions failed to sufficiently allege or show ineffective assistance of counsel. Justice responded to the motion and argued: (1) there was a genuine issue of material fact concerning whether trial counsel's performance fell below an objective standard of reasonableness by failing to procure an expert witness to testify about gonorrhea transmission; and (2) Justice's defense was materially prejudiced by this failure and thus Justice did not receive a fair trial.

---

[1] Justice also alleged the State withheld favorable information, specifically the results of the victim's sexually transmitted disease screening. This is commonly referred to as a *Brady v. Maryland*, 373 U.S. 83 (1963) claim. However, Justice does not challenge the dismissal of this claim on appeal.

The district court granted the State's motion for summary dismissal, finding Justice: (1) failed to present evidence that his trial counsel's performance was deficient for not obtaining an expert witness to testify about gonorrhea transmission when Justice could not find such an expert for the post-conviction proceeding, despite several extensions to do so; and (2) failed to present evidence that he was prejudiced by the exclusion of any gonorrhea evidence or that the excluded evidence would have resulted in a different trial outcome. Judgment was entered summarily dismissing Justice's petition for post-conviction relief with prejudice. Justice appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its

3

allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901. Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

Justice argues the district court improperly dismissed his petition because his petition and supporting affidavit contained admissible evidence that showed his counsel's performance at trial was constitutionally deficient. Specifically, Justice alleges his petition and affidavit presented a genuine issue of material fact that his trial counsel was deficient by: (1) failing to present evidence of the nurse's notation that the victim's genital area was "shaved" to explain the source and reason for the victim's vaginal abrasions; and (2) failing to present evidence that at the time of the assault, Justice had gonorrhea and any sexual contact would have caused him "extreme pain," therefore, it was unlikely he committed the sexual assault. The State responds that Justice has failed to show a genuine issue of material fact that Justice's trial counsel was ineffective for failing to introduce the nurse's note about the victim's shaved pubic hair because Justice has presented no evidence that the abrasions to the victim's genital area were in a place that could have been caused by shaving or any reasonable alternative explanation for the abrasions. The State also responds that Justice has failed to make a prima facie showing that his trial counsel was ineffective for failing to present evidence of Justice's pain from gonorrhea because Justice's trial counsel attempted to present evidence regarding Justice's gonorrhea but was barred from doing so by the district court's ruling on the State's motion in limine.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In order to survive a motion for summary dismissal, post-conviction relief claims based upon ineffective assistance of counsel must establish the existence of material issues of fact as to both *Strickland* prongs. *Dunlap v. State*, 159 Idaho 280, 296, 360 P.3d 289, 305 (2015).

Justice's claims will be addressed in turn.

## A.     Vaginal Abrasions

Justice has failed to establish a genuine issue of material fact that his trial counsel's decision not to argue that the victim's vaginal abrasions were caused by shaving or razor burn, as opposed to genital-to-genital contact, fell below an objective standard of reasonableness. At trial, a sexual assault nurse examiner testified that the victim had three abrasions on her genital area:

> NURSE:  So she had three abrasions that were noted. The first one was right in the junction of the labia minora and the labia majora, and the other one, number 2, was on the opposite side, on the labia minora, and then she had a final, larger abrasion right at the bottom part of her--this bottom part of the vaginal opening is some tissue called the fossa navicularis, and she had an abrasion right at 6 o'clock there.
>
> STATE:  And when you say "abrasion," based on your training and experience, what does that mean?
>
> NURSE:  An abrasion is a wearing away or serration of the top layer of skin or tissue from friction.

On cross-examination, the nurse further clarified that "abrasions" means open wounds. Justice claims that "had trial counsel presented the jury with evidence that explained the abrasions as razor burn . . . there is a very reasonable possibility" the jury would have had reasonable doubt as to his guilt.

First, Justice fails to acknowledge that his trial counsel did, in her closing statement, highlight to the jury that it was unknown how or when the victim got the abrasions, and that the jury did not get to see the abrasions themselves:

> The State didn't show you any photographic proof of the injuries they say [the victim] sustained. We had testimony from [the nurse] that there were abrasions, but you don't have photographic proof of those to decide for yourself, are they big, are they small, are they deep, are they shallow, do they look fresh, do they look old, so that you could decide for yourself what weight to give to the evidence. What does that prove? What does it mean? How does it fit into the picture? We have some testimony that abrasions exist. We don't have any medical opinion as to when those abrasions got there, how those abrasions got there, or most importantly, who put those abrasions there.

This Court presumes that trial counsel was competent and that trial tactics were based on sound legal strategy. *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010). To overcome

that presumption, a defendant must show that counsel failed to act reasonably considering all the circumstances. *Marsalis v. State*, 173 Idaho 810, 815, 549 P.3d 349, 354 (2024). Here, trial counsel saw the diagram made by the nurse of the victim's abrasions, heard testimony from the nurse, and decided not to argue the abrasions were the result of shaving but instead focused on the lack of visual evidence presented. Trial counsel's tactical decisions cannot justify relief "unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review." *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008). Justice failed to present any evidence that trial counsel's decisions with respect to the presentation of evidence challenging the cause or source of the abrasions was the product of inadequate preparation, ignorance of the law, or any other shortcoming capable of objective review.

Second, Justice presented no admissible evidence in support of his petition that the abrasions could have been caused by razor burn. Justice's opinion regarding the source of injury is not admissible evidence because he is not a qualified expert witness in this area. Thus, his opinion does not establish a genuine issue of material fact regarding the source of the injuries. Justice provided no evidence refuting the testimony of the nurse at trial regarding the location of the abrasions. In his petition, Justice failed to present any evidence that the location or type of the abrasions could occur as a result of shaving. Justice failed to present admissible evidence in support of his claim, and as a result, he has failed to establish a genuine issue of material fact regarding trial counsel's deficient performance. Because trial counsel did not render deficient performance for declining to assert the abrasions were caused by shaving, we do not need to analyze the prejudice prong of *Strickland*. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

**B.     Evidence Regarding a Sexually Transmitted Disease**

Justice next argues his petition presented a genuine issue of material fact that trial counsel was ineffective by failing to present evidence that Justice was "infected with gonorrhea and highly symptomatic" at the time of the sexual assault. This evidence, Justice argues, would have shown that genital contact would have caused him "extreme pain," therefore, it was unlikely he committed the sexual assault. Trial counsel attempted to introduce evidence that Justice tested positive for gonorrhea and that it was unclear whether the victim had tested positive. The district court,

however, excluded all evidence related to Justice's and the victim's STD history, diagnosis, prognosis, or treatment under I.R.E. 403, finding that without an expert to testify about transmission rates and contraction of the STD, the probative value of the evidence was substantially outweighed by danger of unfair prejudice, confusion of the issues, and misleading the jury. Justice's claim that his trial counsel should have introduced evidence that Justice was infected with gonorrhea at the time of the sexual assault fails because his counsel tried but was barred from doing so pursuant to the district court's ruling on the State's motion in limine and that ruling was affirmed on appeal.

Furthermore, while Justice provided physician notes in his petition that document he tested positive for gonorrhea on July 18, 2019, the notes do not support his claim that he was suffering extreme pain due to gonorrhea at the time of the sexual assault. While Justice is correct that all reasonable inferences must be drawn in favor of the petitioner, it is also true that summary dismissal may be appropriate even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Hernandez v. State*, 171 Idaho 663, 666, 525 P.3d 318, 321 (2023). Even if this Court accepts as true Justice's contention that he was suffering from extreme pain at the time of the alleged assault, there is no admissible evidence connecting that alleged pain with an inability to sexually assault the victim. Justice has failed to establish a genuine issue of material fact as to trial counsel's performance. Consequently, we need not analyze the second prong of *Strickland*.

Because Justice failed to establish a genuine issue of material fact regarding trial counsel's performance, the district court did not err in summarily dismissing Justice's petition for post-conviction relief.

## IV.

## CONCLUSION

Justice has failed to show that the district court erred in summarily dismissing his petition for post-conviction relief. Justice's petition failed to establish a genuine issue of material fact on either of his claims that trial counsel rendered deficient performance. Accordingly, the district court's judgment summarily dismissing Justice's petition for post-conviction relief is affirmed.

Judge LORELLO and Judge Pro Tem MELANSON, **CONCUR**.